IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTINE POLENCHECK,

                Plaintiff,

  v.                                                                   OPINION and ORDER

NANCY A. BERRYHILL,                                        18-cv-20-jdp
  Acting Commissioner, Social Security Administration,

                Defendant.

---

Plaintiff Christine Polencheck, who is proceeding pro se, seeks judicial review of a final decision denying her claim for disability benefits and supplemental security income under the Social Security Act. 41 U.S.C. § 405(g). Polencheck contends that she has been disabled since June 2016 because of numerous impairments, including fibromyalgia, back pain, carpal tunnel syndrome, depression, and anxiety. The administrative law judge concluded that even though Polencheck suffers from various physical and mental impairments, she is not disabled because she retains the capacity to perform a significant number of jobs in the economy, including housekeeper, shirt presser, and cafeteria attendant. For the reasons discussed below, I am upholding the administrative law judge's decision.

BACKGROUND

Polencheck filed for disability benefits and supplemental security income in June 2016. After her application and request for reconsideration were denied, she requested a hearing before an administrative law judge (ALJ). AR 175.[1] A hearing was held in Madison, Wisconsin,

---

[1] Citations to AR refer to the Administrative Record at Dkt. 7.

before ALJ John Martin on June 29, 2017. AR 39–99. Polencheck represented herself at the hearing.

At the hearing, Polencheck testified that she could no longer work full time as a hairdresser because of herniated discs, degenerative bone disease, excessive swelling in her hands and knees, arthritis in her hips and feet, neuromas on her toes, nerve damage in her left hand, joint pain, fibromyalgia, depression, anxiety, bipolar disorder, and PTSD. AR 64, 72. She testified that she recently had carpal tunnel surgery on her right wrist but that it was unsuccessful, and that her left hand is too damaged to undergo surgery. AR 54. She also testified that her weight had been increasing significantly and that her doctors thought it was from swelling in her legs, arms, back, and stomach. AR 52. She stated that she takes gabapentin daily for pain, elevates her legs when possible, and wears hand braces to control the swelling in her hands. AR 72. She has difficulty climbing up and down stairs, AR 76, and can walk about half a mile before needing to stop. AR 78. She stated that she had seen several therapists for her mental health problems, but that she did not think that they had helped her. AR 78. At the time of the hearing, she was seeing a psychiatrist who had prescribed medications for depression and anxiety. AR 79. A vocational expert also testified at the hearing, responding to several hypotheticals posed by the ALJ. AR 85–93.

The ALJ issued a written decision finding that Polencheck was not disabled from June 2016, to August 4, 2017, the date of the decision. AR 21–34. The ALJ found that Polencheck was insured through December 31, 2020, and that she had not engaged in substantial gainful activity since her alleged onset date of June 1, 2016. AR 24. The ALJ next found that Polencheck's fibromyalgia, affective disorder, anxiety disorder, and muscle disorders were severe impairments, AR 26, but that none of the impairments met or medically equaled the

2

severity of a listed impairment. AR 27. The ALJ found that Polencheck had the residual functional capacity to perform light work with some additional limitations. AR 29.

The ALJ concluded that although Polencheck's "medically determinable impairments could reasonably be expected to cause" her alleged symptoms, her subjective complaints about the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record." AR 30. He noted that Polencheck's impairments were present at "approximately the same level of severity prior to the alleged onset date," but that she had managed to work full time despite allegedly disabling impairments. *Id.* He noted that the medical evidence did not suggest that Polencheck's impairments had worsened around the time of her alleged onset date, but instead, medical records showed that she told a treating provider in April 2016 that she was cutting her work hours to 20–24 hours so that she could qualify for disability benefits. *Id.*

Polencheck's medical records showed that her weight had been fairly stable, her physical exams around the time of her alleged onset date were unremarkable, and her x-rays showed only mild arthritis in her hands and no fractures or dislocations in her ankle, despite her complaints of problems in those areas. *Id.* The ALJ also noted that although Polencheck complained about fibromyalgia and lupus, there was no examination for fibromyalgia in her medical records and the tests for lupus were negative. *Id.* Polencheck stated that she needed to elevate her legs and sometimes wore orthopedic stockings, but her medical records did not discuss swelling or deformities. *Id.* She received an updated lumbar MRI in April 2017 that showed only mild progression of degenerative changes at L4–5 and other "stable degenerative changes" compared to her 2013 imaging. *Id.* The ALJ also found that her medical records did not suggest that her carpal tunnel syndrome was as severe as she suggested. *Id.* at 31.

3

As for her mental health, the ALJ found that Polencheck's limited treatment records did not suggest disabling symptoms. *Id.* The ALJ noted that Polencheck went to the emergency room for suicidal ideation in August 2015 and August 2016, but that the hospital staff discharged her after both visits without admitting her. *Id.* at 31.

Finally, the ALJ considered opinions from Polencheck's treating medical providers, but gave them little weight because the opinions did not identify specific work-related functional limitations, were conclusory, or were based on Polencheck's subjective reports. *Id.* at 32. In contrast, the ALJ gave great weight to the opinions of state-agency medical sources, who concluded that Polencheck could perform a range of light work that involved short and simple instructions, that accommodated her moderate difficulties working with others, and that involved only occasional public contact. *Id.* The ALJ noted that he did not think that Polencheck was as limited in working with the public as the state consultants suggested. *Id.*

After the Appeals Council denied Polencheck's request for review, she filed this appeal on her own behalf.

ANALYSIS

In reviewing the ALJ's decision, my role is to determine whether the decision denying benefits is supported by "substantial evidence." 42 U.S.C. § 405(g); *Indoranto v. Barnhart*, 374 F.3d 470, 473 (7th Cir. 2004). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014) (citations omitted). "The administrative law judge must identify the relevant evidence and build a 'logical bridge' between that evidence and the ultimate determination." *Id. See also Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005)

4

("[T]he ALJ must . . . explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review.").

Polencheck filed a complaint and a brief in support of her appeal, but she does not identify clearly any specific error in the ALJ's decision or explain why she believes that the ALJ's decision is unsupported by substantial evidence. Most of Polencheck's brief focuses on her depression, chronic pain, and physical limitations, without addressing the ALJ's analysis of these impairments and her subjective symptoms. Polencheck's only specific reference to the ALJ's decision is her suggestion that the ALJ misunderstood her motivation for telling her therapist that she had reduced her hours so that she could qualify for disability. Polencheck says that she wishes to explain to the court that she made those statements because of her severe and chronic pain and depression. She also says that she has tried numerous medications and surgeries, that nothing has provided relief for her pain and swelling and that, at this point, she, her primary care doctor, and her psychiatrist all agree that she can no longer work at all. She attaches an October 12, 2017 letter from her primary care doctor in which her doctor states that Polencheck's "symptoms have worsened over the past few years" and, "[a]t this point [she] is unable to work." Dkt. 1-1.

I am sympathetic to Polencheck's situation, but her arguments do not undermine the ALJ's decision. Even if I agree with Polencheck that the ALJ erred by drawing a negative inference against her based upon statements that she made to her therapist, I would still conclude that the ALJ's decision is supported by substantial evidence. In concluding that Polencheck is not disabled, the ALJ did not rely solely on Polencheck's statements to her therapist about reducing her hours. He provided a thorough discussion of Polencheck's medical treatment history and explained why he did not think her medical records supported her

5

subjective complaints. Polencheck has not challenged the ALJ's analysis of the medical records at all.

The ALJ also explained adequately why he discounted the opinions from Polencheck's treating providers, who provided only conclusory statements about Polencheck's pain and ability to work but identified no specific functional limitations. Polencheck has identified no error in the ALJ's evaluation of these opinions. Additionally, the October 2017 letter Polencheck attaches from her primary care doctor, Dkt. 1-1, cannot be a basis for reversal of the ALJ's decision because it postdates the decision. *See Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) (denying request to remand for consideration of medical records post-dating ALJ's decision). Likewise, Polencheck's statements that she had surgery in 2018 and is being evaluated for potential future surgery is new evidence that cannot be considered in evaluating the ALJ's decision. If Polencheck believes her condition has worsened, she can file a new application for disability benefits relating to the period after the ALJ's decision.

Polencheck is proceeding without counsel, so I read her submissions generously and I do not expect the formality that a lawyer's submissions would have. But Polencheck has to present specific arguments showing that the ALJ's decision was unsupported by substantial evidence. She has failed to identify any reversible error in the ALJ's decision. Therefore, I will affirm the agency's decision denying her benefits and will dismiss this appeal. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) ("[W]e must be able to discern cogent arguments in any appellate brief, even one from a pro se litigant."); *McLachlan v. Astrue*, 392 F. App'x 493, 494 (7th Cir. 2010) (dismissing pro se appeal because the brief did "not refer to facts in the record or contain an argument consisting of more than a generalized assertion of error").

ORDER

IT IS ORDERED that that the decision of defendant Nancy A. Berryhill, acting commissioner of the Social Security Administration, denying benefits to plaintiff Christine Polencheck is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered January 31, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge